**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

1 Valuation of Security          0 Assumption of Executory Contract or Unexpired Lease          1 Lien Avoidance

Last revised: August 1, 2020

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:  **Theodore M. Seiden**
         **Cynthia Seiden**

         Debtor(s)

Case No.: **17-26772**
Judge: **JNP**

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☐ Motions Included
☑ Modified/Notice Required
☐ Modified/No Notice Required
Date: 7/16/2020

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

## YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☑ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

Initial Debtor(s)' Attorney **ABF**       Initial Debtor: **TMS**       Initial Co-Debtor **C S**

### Part 1: Payment and Length of Plan

a. The debtor shall pay **250.00 Monthly** to the Chapter 13 Trustee, starting on **August 2020** for approximately **25** more months for a total of 60 months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ✓ Future Earnings
- ✓ Other sources of funding (describe source, amount and date when funds are available): **$23,419 Paid to date**

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

### Part 2: Adequate Protection          **X** NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Chapter 13 Standing Trustee** | **Trustee Commission** | **TBD** |
| **Law Offices of Andrew B. Finberg, LLC** | **Attorney Fees** | **$2,810.00, Plus supp fees and costs** |
| **Internal Revenue Service** | **Taxes and certain other debts** | **$4,390.33** |
| **State of New Jersey** | **Taxes and certain other debts** | **If Applicable** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☑ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

3

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| SLS Financial | 217 Nathaniel Ave Cherry Hill NJ | 20,579.15 | 291,750.00 | 315,005.10 | 0 | N/A | 0.00 |

      2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

      Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **Toyota Motor Credit** | **2014 Toyota Sienna** | **Unknown** | **Unknown** |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

      The following secured claims are unaffected by the Plan:

Creditor **New Rez/The Bank of New York** - 1st mortgage, current and outside by terms of mortgage modification

**g. Secured Claims to be Paid in Full Through the Plan** ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5:  Unsecured Claims    ☐ NONE

      a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

      ☐ Not less than $____ to be distributed *pro rata*

      ☐ Not less than ___ percent

      ☑ *Pro Rata* distribution from any remaining funds

      b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6:  Executory Contracts and Unexpired Leases    X NONE

      (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

      All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| **Toyota Motor Credit/Lexus** | **0** | **2016 Lexus ES350** | **Reject** | **NA** |

**Part 7: Motions**       NONE

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form,** *Notice of Chapter 13 Plan Transmittal,* **within the time and in the manner set forth in D.N.J. LBR 3015-1. A** *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

   a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

   b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ NONE

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| SLS Financial | 217 Nathaniel Avenue Cherry Hill, NJ | 20,579.15 | 291,750.00 | 315,005.10 | 0 | **Entire lien** |

   c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

   The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

**Part 8: Other Plan Provisions**
   a. **Vesting of Property of the Estate**
      ☑ Upon Confirmation
      ☐ Upon Discharge

   b. **Payment Notices**
   Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

   c. **Order of Distribution**

   The Standing Trustee shall pay allowed claims in the following order:
      1)   Ch. 13 Standing Trustee Commissions
      2)   **Other Administrative Claims**

5

| | |
|---|---|
| 3) | **Secured Claims** |
| 4) | **Lease Arrearages** |
| 5) | **Priority Claims** |
| 6) | **General Unsecured Claims** |

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☐ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **10/2019**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **Debtor obtained mortgage modification** | **Plan removes arrears owed to first mortgage** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☑ Yes    ☐ No

## Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **July 16, 2020**    /s/ **Theodore M. Seiden**
**Theodore M. Seiden**
Debtor

Date: **July 16, 2020**    /s/ **Cynthia Seiden**
**Cynthia Seiden**
Joint Debtor

Date **July 16, 2020**    /s/ **Andrew B. Finberg**
**Andrew B. Finberg**
Attorney for the Debtor(s)

6

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 17-26772-JNP
Theodore M. Seiden                                                    Chapter 13
Cynthia Seiden
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-1           User: admin              Page 1 of 2              Date Rcvd: Jul 23, 2020
                               Form ID: pdf901          Total Noticed: 35

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 25, 2020.
```
db/jdb         +Theodore M. Seiden,    Cynthia Seiden,    217 Nathaniel Ave.,    Cherry Hill, NJ 08003-1528
517535361      +BAC BANK OF NY (CWALT 2006-16CB),    Kevin G. McDonald, Esquire,    216 Haddon Avenue, Ste. 406,
                 Westmont, NJ 08108,    (609) 250-0700 (NJ) 08108-2812
517215490       BONY as trustee of CWALT, Inc. ALT Series 2006-16C,    Shellpoint Mortgage Servicing,
                 PO Box 10826,    Greenville, SC 29603-0826
517041787      +ETrade Bank,    c/o Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 300,
                 Highlands Ranch, Colorado 80129-2386
517017288      +KML Law Group, P.C.,    216 Haddon Avenue,    Suite 406,    Collingswood, NJ 08108-2812
517017290      +New Jersey American Water,    131 Woodcrest Road,    PO Box 5079,    Cherry Hill, NJ 08034-5079
517132163      +Nordstrom, Inc.,    Jefferson Capital Systems LLC Assignee,    Po Box 7999,
                 Saint Cloud Mn 56302-7999
517017293       PSE&G,    PO Box 14444,    New Brunswick, NJ 08906-4444
517017292      +Parker McCay P.A.,    3 Greentree Centre,    7001 Lincoln Drive West: P.O. Box 974,
                 Attn: Brian Cain, Esquire,    Marlton, NJ 08053-0974
517017296      +SLS Financial,    8742 Lucent Blvd.,    Suite 300,    Littleton, CO 80129-2386
517017297     ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
                (address filed with court: State of New Jersey,    Division of Taxation,    PO Box 245,
                 Trenton, NJ 08695)
517017295      +Shellpoint Mortgage Servicing,    P.O. Box 1410,    Troy, MI 48099-1410
517017298      +State of New Jersey,    Division of Law,    25 Market Street,    P.O. Box 119,
                 Trenton, NJ 08625-0119
517017289     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                (address filed with court: Lexus Financial Services,    PO Box 5855,
                 Carol Stream, IL 60197-5855)
517047399      +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                 Addison, Texas 75001-9013
517017301      +Toyota Motor Credit Corp.,    240 Gibraltar Road,    Suite 260,    Horsham, PA 19044-2387
517086116       Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jul 23 2020 23:48:55     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jul 23 2020 23:48:51     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517047264       E-mail/Text: ebnbankruptcy@ahm.honda.com Jul 23 2020 23:49:05
                 American Honda Finance Corporation,    National Bankruptcy Center,    P.O. Box 168088,
                 Irving, TX 75016-8088
517017283      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jul 23 2020 23:52:53      Capital One,
                 P.O. Box 6492,    Carol Stream, IL 60197-6492
517017285      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jul 23 2020 23:48:41     Comenity Bank/HSN,
                 PO Box 182120,    Columbus, OH 43218-2120
517028557       E-mail/Text: mrdiscen@discover.com Jul 23 2020 23:47:59     Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
517017286       E-mail/Text: mrdiscen@discover.com Jul 23 2020 23:47:59     Discover Card,    PO Box 71084,
                 Charlotte, NC 28272-1084
517017287       E-mail/Text: sbse.cio.bnc.mail@irs.gov Jul 23 2020 23:48:20     Internal Revenue Service,
                 Department of the Treasury,    P.O. Box 9019,    Holtsville, NY 11742-9019
517017284       E-mail/PDF: ais.chase.ebn@americaninfosource.com Jul 23 2020 23:52:16      Chase,
                 Cardmember Service,    P.O. Box 1423,    Charlotte, NC 28201
517017291      +E-mail/Text: bnc@nordstrom.com Jul 23 2020 23:48:11     Nordstrom,    P.O. Box 79139,
                 Phoenix, AZ 85062-9139
517158492       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 23 2020 23:53:06
                 Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.A.,    POB 41067,
                 Norfolk VA 23541
517399169      +E-mail/Text: bankruptcy@pseg.com Jul 23 2020 23:47:47      PSE&G,    PO Box 490,
                 Cranford NJ 07016-0490
517017294       E-mail/PDF: gecsedi@recoverycorp.com Jul 23 2020 23:52:09     Qcard/Synchrony Bank,
                 P.O. Box 530905,    Atlanta, GA 30353-0905
517191854       E-mail/Text: bnc-quantum@quantum3group.com Jul 23 2020 23:48:48
                 Quantum3 Group LLC as agent for,    MOMA Funding LLC,    PO Box 788,    Kirkland, WA 98083-0788
517020207      +E-mail/PDF: gecsedi@recoverycorp.com Jul 23 2020 23:52:48     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517017299       E-mail/PDF: gecsedi@recoverycorp.com Jul 23 2020 23:53:25     Synchrony Bank,    P.O. Box 960061,
                 Orlando, FL 32896-0061
517017300       E-mail/Text: bankruptcy@td.com Jul 23 2020 23:48:57     TD Bank,    P.O. Box 84037,
                 Columbus, GA 31908-4037
517122277      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jul 23 2020 23:53:46     Verizon,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                              TOTAL: 18

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

```
District/off: 0312-1          User: admin                Page 2 of 2              Date Rcvd: Jul 23, 2020
                              Form ID: pdf901            Total Noticed: 35
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 25, 2020                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 22, 2020 at the address(es) listed below:
              Andrew B. Finberg    on behalf of Debtor Theodore M. Seiden andy@sjbankruptcylaw.com,
               abfecf@gmail.com;finbergar39848@notify.bestcase.com
              Andrew B. Finberg    on behalf of Joint Debtor Cynthia  Seiden andy@sjbankruptcylaw.com,
               abfecf@gmail.com;finbergar39848@notify.bestcase.com
              Angela Catherine Pattison    on behalf of Creditor    NewRez LLC d/b/a Shellpoint Mortgage
               Servicing as servicer for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for
               the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-16C apattison@hillwallack.com,
               hwbknj@hillwallack.com
              Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
               dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Elizabeth K. Holdren    on behalf of Creditor    NewRez LLC d/b/a Shellpoint Mortgage Servicing as
               servicer for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the
               Certificateholders CWALT, Inc., Alternative Loan Trust 2006-16C eholdren@hillwallack.com,
               jhanley@hillwallack.com;hwbknj@hillwallack.com
              Isabel C. Balboa    ecfmail@standingtrustee.com,   summarymail@standingtrustee.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Kevin Gordon McDonald    on behalf of Creditor    BAC BANK OF NY (CWALT 2006-16CB)
               kmcdonald@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Rebecca Ann Solarz    on behalf of Creditor    Toyota Motor Credit Corporation
               rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 10